FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2006 OCT 25 PM 1: 06

OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:06CR3153 |
| | ) | |
| Plaintiff, | ) | |
| | ) | PLEA AGREEMENT |
| vs. | ) | |
| | ) | |
| CHIEF ETHANOL FUELS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through the United States Attorney for the District of Nebraska, and the defendant, Chief Ethanol Fuels, Inc., by and through its attorneys, pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, agree as follows:

1. The defendant agrees to plead guilty to a criminal Information that charges the defendant with negligently causing a violation of the terms and conditions of a Clean Water permit, in violation of Title 33, United States Code, Section 1319(c)(1)(A).

2. The defendant understands that the United States Sentencing Guidelines, which might normally govern this case, do not apply to the imposition of fines for organizations for environmental crimes. See U.S.S.G. § 8C2.1 (Commentary-Background). The maximum amount of the fine to be imposed under the statute charged could be the greater of $25,000 per day of violation, the amount specified in 33 U.S.C. § 1319(c)(4), the law setting forth the offense; twice the gross pecuniary gain derived from the crime or twice the gross pecuniary loss caused to the victim of the crime, 18 U.S.C. § 3571(d); or $200,000 per misdemeanor count, 18

U.S.C. § 3571(c)(5). The defendant understands that the penalty also includes a $125 special assessment as to each count.

3. If acceptable to the Court, the defendant and the United States will waive the Presentence Investigation Report pursuant to Rule 32(c)(1) of the Federal Rules of Criminal Procedure and ask that the defendant be sentenced at the time the plea is entered.

4. The United States and Chief Ethanol Fuels, Inc. jointly recommend that the Court:

(1) Order that, immediately upon sentencing, defendant shall pay a fine in this case totaling One Hundred Thousand ($100,000) dollars.

(2) Place Chief Ethanol Fuels, Inc. on probation for a period of one year under the following terms and conditions:

(a) Chief Ethanol Fuels, Inc. will continue to work with the Nebraska Department of Environmental Quality (NDEQ) in monitoring its discharges into the Blue River. The United States Probation Office, alone or in conjunction with NDEQ, may monitor the discharge and compliance with the permit.

(b) Chief Ethanol Fuels, Inc. will continue to work with the NDEQ Waste Water Section regarding the current and future operation of sledge lagoons at the Hastings facility.

(c) Chief Ethanol Fuels, Inc. will make a One Hundred Thousand Dollar ($100,000) charitable contribution to Rowe's Sanctuary, near Gibbon, Nebraska, so that the sanctuary may continue its educational efforts to teach children the importance of preserving the

ecological system. The contribution will be made at the time of sentencing and will not be carried as a deductible contribution for tax purposes.

5. Chief Ethanol Fuels, Inc. agrees to pay, upon sentencing, the special assessment of $125 due under Title 18, United States Code, Section 3013.

6. In exchange for the agreements made by Chief Ethanol Fuels, Inc. and enumerated herein, the United States agrees not to further prosecute the defendant, or any of the defendant's officers, directors, shareholders, or employees, for criminal environmental offenses related to the offenses charged in the Information. This agreement binds only the Untied States Attorney's Office for the District of Nebraska.

7. The United States and Chief Ethanol Fuels, Inc. agree that the terms and conditions outlined in this Plea Agreement provide an appropriate disposition of this case. If the Court rejects this Plea Agreement or any material provision of the Plea Agreement, the parties shall be released from their obligations under this Plea Agreement and it shall be null and void.

8. In the event the Court accepts and implements this Plea Agreement in its entirety, Chief Ethanol Fuels, Inc. expressly waives all defenses or objections to the Information and reserves no future defenses or rights to appeal any decision of the Court.

9. A corporate representative with authority to bind the corporation will appear on behalf of Chief Ethanol Fuels, Inc. to enter the guilty plea and for the imposition of the sentence in the United States District Court for the District of Nebraska.

10. The parties agree that the allegations set forth in the Information constitute the factual basis for the plea pursuant to Rule 11(b)(3) of the Federal Rules of Criminal Procedure.

11. This agreement applies only to criminal prosecution. Nothing in this agreement shall be construed to limit any federal, state, or local civil or administrative action.

12. No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement and none will be entered into unless in writing and signed by all parties.

10/25/06
Date

MICHAEL P. NORRIS
Assistant United States Attorney

10/25/06
Date

DAVID EVERSON
Attorney for Chief Ethanol Fuels, Inc.

10-25-06
Date

DON DUNN
Executive Vice President, Administration
Chief Ethanol Fuels, Inc.
having authority to bind the corporation

4